IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: WILLIAM D. TURNER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 11-5208 |
| UNITED STATES DISTRICT COURT, | : | |
| EASTERN DISTRICT OF PENNSYLVANIA | : | |

**MEMORANDUM**

Ludwig, J. November 30, 2011

William D. Turner, an inmate at SCI-Mahoney currently serving a life sentence for first degree murder, requests that this court issue a writ of mandamus directing the United States District Court for the Eastern District of Pennsylvania to review de novo the merits of a habeas petition originally filed on August 6, 1999 and denied on July 25, 2000. Petition for Writ of Mandamus, docket no. 1; Definite Statement of the In Re's Claims, docket no. 3.[1] Petitioner argues that he timely filed objections to the May 30, 2000 Report and Recommendation and they were not considered. Id. The petition will be denied.

"District courts shall have original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to

---

[1] The Petition for Writ of Mandamus did not specify the habeas petition to which petitioner referred, and petitioner was ordered to provide that information. In response, he identified Turner v. Dragovich, No. 99-3975. Attached to his submission was a page from the docket in that case and a partial copy of the May 30, 2000 Report and Recommendation of now Chief Magistrate Judge Carol Sandra Moore Wells. Also attached was the opinion of the Third Circuit Court of Appeals in Turner v. Dragovich, C.A. No. 04-3681, which affirmed the dismissal of a 60(b) motion filed by Turner following the denial of habeas relief in the 99-3975 action, and a partial copy of the February 3, 1987 Memorandum and Order entered by the Honorable James T. Giles in Turner v. Zimmerman, No. 86-6816, denying an earlier habeas petition. Neither document appears to give rise to the current petition.

the Plaintiff." 28 U.S.C. § 1361. "Mandamus is a drastic remedy available only in the most extraordinary circumstances. . . . 'Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exists to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances.'" Cambrel v. Fulwood, 2011 WL 4738153, at *1 (M.D. Pa., filed Oct. 6, 2011) (citations omitted).

The record - the docket entries and the Report and Recommendation - reflects that on August 6, 1999, petitioner filed a habeas petition arguing ineffective assistance of trial counsel at his 1981 murder trial.[2] The petition was assigned to now Chief Magistrate Judge Wells. On May 2000, she issued a Report and Recommendation finding petitioner's claim time-barred. Petitioner was granted an extension of time in which to file objections. On June 20, 2000, petitioner filed his objections and on June 27, 2000, a response to the objections was filed. On July 25, 2000, then Chief Judge James T. Giles (now retired) adopted the Report and Recommendation, and the petition was denied and dismissed. The Court of Appeals affirmed the denial and dismissal of the petition. Turner v. Dragovich, C.A. No. 00-2348. The Supreme Court denied a petition for writ of certiorari. See Turner v. Dragovich, 163 Fed.Appx. 97, 98 (3d Cir., filed Jan. 5, 2006).[3]

---

[2] A prior habeas petition - alleging inordinate state court delay - was dismissed for failure to exhaust. February 3, 1987 Order and Memorandum, Turner v. Zimmerman, Civ. A. No. 86-6818.

[3] Petitioner has also filed four 60(b) motions since the denial of his 1999 habeas petition. See Turner v. Kerestes, No. 10-1235 (denied, and denial affirmed in Turner v. Kerestes, C.A. No. 10-2113); Turner v. Kerestes, No. 10-3163 (denied, and denial affirmed in Turner v.

There is no evidence on this record that Judge Giles did not perform a de novo review of petitioner's claims following the filing of the objections and response thereto, thus petitioner cannot demonstrate that he has been denied the relief he now requests. The history of the petition shows that the issues raised here have been exhaustively reviewed by both the District Court and the Third Circuit Court of Appeals. In these circumstances, issuance of a writ is not appropriate and the petition must be denied.

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

Kerestes, C.A. No. 11-1417); Turner v. Kerestes, No. 10-3577 (denied); and Turner v. Kerestes, No. 10-4388 (denied).